# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **MARK A. NEWTON, et al.,** | ) | CASE NO.   1:17 CV 2545 |
| | ) | |
| Plaintiffs, | ) | JUDGE |
| | ) | |
| v. | ) | DEFENDANTS CITY OF SHAKER |
| | ) | HEIGHTS, CHIEF JEFFREY DEMUTH, |
| **JACQUELYN ELLIS, et al.** | ) | COMMANDER JOHN COLE, AND |
| | ) | SERGEANT MARVIN LAMIELLE'S |
| Defendants. | ) | MOTION TO DISMISS |

Defendants City of Shaker Heights, Chief Jeffrey DeMuth, Commander John Cole, and Sergeant Marvin Lamielle, by and through the undersigned counsel, respectfully move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing plaintiffs' complaint with prejudice.  The complaint should be dismissed because plaintiffs have failed to state an actionable claim against them.  A memorandum in support of this motion is attached hereto and incorporated herein.

Respectfully submitted,

*/s/ STEVEN D. STRANG*
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
GALLAGHER SHARP
Sixth Floor Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone) / (216) 241-1608 (fax)
jtravis@gallaghersharp.com
sstrang@gallaghersharp.com
*Attorneys for Defendants*
*City of Shaker Heights, Chief Jeffrey DeMuth,*
*Commander John Cole and Sergeant Marvin*
*Lamielle*

## MEMORANDUM

I. **STATEMENT OF FACTS**

This case stems from allegations that plaintiff Mark Newton assaulted defendant Jacquelyn Ellis while he was her middle school softball coach. Defendant City of Shaker Heights Detective Jessica Page handled the resulting criminal investigation. Plaintiff Newton was indicted by a grand jury, but the criminal case was dismissed during trial after the trial judge found that Detective Page failed to turn over a second hand-drawn diagram of the scene of the incident to the prosecutor.[1]

The complaint in this case alleges that defendant Jacquelyn Ellis lied about the encounter, and that her parents, defendants Rodney Ellis and Andrea Ellis, were aware of the falsity of the allegations and conspired to perpetuate them to get money damages against the school and plaintiff Newton. (Complaint, ¶¶ 30−36).

The bulk of the complaint is directed against Detective Page. Amongst other things, it is alleged that Detective Page improperly acted as the victim's advocate; failed to disclose inconsistencies in the victim's testimony to the prosecutor; withheld a key diagram drawn by the victim and intentionally, willfully, and maliciously failed to disclose it in her reports, and no other individual had access to the investigation case file; lied to the grand jury about having probable cause to believe that plaintiff Newton abused the victim resulting in the grand jury returning an indictment; and concealed the diagram from another Shaker Heights detective. (*Id.* at ¶¶ 55, 71, 72, 88−90, 93, 98, 110, 144). It is alleged that it was not until she testified under oath during the criminal trial that she disclosed the existence of this diagram, and during her

---

1 The trial court's decision is currently being appealed in Ohio Eighth District Court of Appeals Case No. CA-17-105771.

2

testimony she admitted "that she withheld the second diagram from the State and defense, lied to the prosecutor, as well as her own colleague, Det. Walt Siegel about the existence of the second diagram. . . ." (*Id.* at ¶¶ 173−76).  After hearing this testimony, the court dismissed the case in a written opinion.  (*Id.* at ¶ 202).

The allegations against defendants Chief Jeffrey DeMuth, Commander John Cole, Sergeant Marvin Lamielle (collectively referred to as the "Senior Police Defendants"), and the City of Shaker Heights are found in a few paragraphs containing boilerplate, general allegations of wrongdoing, including that:

> 4.  Plaintiffs further allege that Defendant Page's supervisors, the SH [Shaker Heights] Defendants, directly participated in Defendant Page's unconstitutional conduct, and/or directed, ordered, authorized, approved, encouraged and/or knowingly acquiesced to Defendant Page's unconstitutional conduct, as outlined above and throughout this Complaint, which resulted in the deprivation of Plaintiff Newton's state and federal constitutional rights to due process of law and a fair trial pursuant to the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendment to the United States Constitution.
>
> 5.  Plaintiffs further allege the SH Defendants failed to properly train and/or supervise Defendant Page and that said failure was due to an illegal policy, practice and/or custom of the SH Defendants that would cause a constitutional violation, and which in fact caused a violation of Plaintiff Newton's state and federal constitutional rights to due process of law and a fair trial pursuant to the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendment to the United States Constitution.

(*Id.* at ¶¶ 4-5).

There are no allegations that the Senior Police Defendants are liable for any *specific* personal conduct during the investigation. (*See, generally*, complaint).  Indeed, the complaint does not contain any explanation as to how the Senior Police Defendants were even involved with the case or Detective Page – they are only even individually mentioned in two of the two hundred and ninety-five paragraph complaint.  (*See id.* at ¶¶ 2, 14).  Even those paragraphs do

not explain whether or to what extent they were responsible for Detective Page or her investigation.

The complaint alleges twelve causes of action, although only the following are directed to the City of Shaker Heights and the Senior Police Defendants, who are sued in their official and individual capacities:

- Count I – Bad faith suppression/concealment/destruction/nondisclosure of evidence due process violation under the 14th Amendment;

- Count II – Supervisor liability in violation of 42 U.S.C. § 1983, for failing to properly oversee Detective Page;

- Count III – Failure to train and/or supervise employees in violation of 42 U.S.C. § 1983, alleging that the training and supervision of Detective Page was inadequate;

- Count IV – Malicious prosecution in violation of 42 U.S.C. § 1983 under the 4th and 14th Amendments; and

- Count VII – Civil conspiracy in violation of Ohio Law.

As set forth in the balance of this motion, the Senior Police Defendants and the City of Shaker Heights now seek to dismiss plaintiffs'[2] complaint against them for the following reasons:

- The municipal liability claim against the City of Shaker Heights and official capacity claims against the Senior Police Defendants fail because liability cannot be imposed based on a solitary incident or when the complaint makes only vague, unsupported allegations of a deficient policy or pattern of conduct;

- The individual capacity claims against the Senior Police Defendants fail for several reasons, including that the complaint does not allege that:
    - they individually participated in plaintiff Newton's criminal prosecution or withheld any evidence, and
    - they individually were responsible for and failed to supervise Detective Page or that there was a pattern of poor training; and

- The complaint does not state an actionable state law conspiracy claim.

---

2 There is also a loss of consortium claim by plaintiff Newton's spouse.

4

## II. LAW & ARGUMENT

### A. Motion To Dismiss Standard.

A motion to dismiss under Civ. R. 12(b)(6) attacks the legal sufficiency of the complaint. *Roth Steel Prod. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, the complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. The Community Mutual Ins. Co.*, 896 F. Supp. 734, 738 (S.D. Ohio 1994). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to ***raise a right to relief above the speculative level*** on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), paragraph one of the syllabus (emphasis added).

The purpose of a Rule 12(b)(6) motion is to allow the court to eliminate claims that are fatally flawed in their legal premises and destined to fail and, thus, spare litigants the burdens of unnecessary pretrial and trial activity. *Advanced Cardiovascular Systems, Inc. v. Slimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993) (citing *Nusku v. Williams,* 490 U.S. 319, 326-27 (1989)). As noted by the district court in *Iacampo v. Hasbro, Inc.*, 929 F. Supp. 562, 567 (D. R.I. 1996), "[l]ike a battlefield surgeon sorting the hopeful from the hopeless, a motion to dismiss invokes a form of legal triage, a paring of viable claims from those doomed by law."

5

### B. Plaintiffs' Complaint Fails To Set Forth Any Viable Claim For §1983 Municipal Liability Against The City Of Shaker Heights Or Official Capacity Claims Against the Senior Police Defendants.

A claim against a municipal employee in his or her official capacity is equivalent to a claim against the governmental entity itself.  *Leach v. Shelby Cty. Sheriff,* 891 F.2d 1241, 1245 (6th Cir. 1989).  Thus, the claims against the Senior Police Defendants in their official capacities are subject to the same analysis as a claim against the City of Shaker Heights.  *Id*. (citing *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985)).

Plaintiffs make vague and conclusory allegations that the City failed to act appropriately, which are insufficient to survive a motion to dismiss.  To establish liability against a municipality or municipal officials a plaintiff must allege that: (1) a Constitutional violation occurred, and (2) the City is "responsible for that violation."  *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004).  Of course, § 1983 does not impose liability upon a municipality based on *respondeat superior* or vicarious liability theories.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)).  A municipality incurs liability under §1983 ***only*** where its policy or custom causes the Constitutional violation in question.  *Monell*, 436 U.S. at 694.  This is because "Congress did not intend municipalities to be liable unless action pursuant to official municipal policy of some nature caused a Constitutional tort." *Id*. at 691.  Thus, there are only three bases for municipal liability under § 1983: (a) when an express policy causes a Constitutional violation; (b) when a widespread practice or custom is so common that it has the effect of a written policy; or (c) when the Constitutional injury is caused by a person with final policymaking authority.  *Meyers v. City of Cincinnati*, 14 F.3d 1115, 1120 (6th Cir. 1994).

6

To establish municipal liability based on an unwritten practice or custom, the custom "must be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. Consequently, the Sixth Circuit has held that such a policy or custom ***cannot be established based on a single incident*** of potential misconduct of a city employee. *See, e.g.*, *Thomas v. City of Chattanooga*, 398 F.3d 426, 430-31 (6th Cir. 2005). In rejecting an argument that § 1983 municipal liability can be based upon a solitary incident, the Sixth Circuit cogently stated:

> The danger in appellants' argument is that they are attempting to infer a municipalwide policy based solely on one instance of potential misconduct. This argument, taken to its logical end, would result in the collapsing of the municipal liability standard into a simply respondeat superior standard. This path to municipal liability has been forbidden by the Supreme Court.

*Id.* at 432-33.

Thus in *Thomas* the Sixth Circuit held that the claim against the city was subject to dismissal because there was no clear and persistent pattern that the city had a custom or policy condoning excessive force. To like effect is *Miller v. Calhoun County*, 408 F.3d 803, 815-16 (6th Cir. 2005), where the court dismissed a claim because the plaintiff failed to make the threshold showing of a clear and persistent pattern of the mistreatment of detainees. Similarly in *St. John v. Hickey*, 411 F.3d 762 (6th Cir. 2005) the court dismissed the plaintiff's claim of excessive force based on failure to train because the plaintiff failed to demonstrate that the county had ignored a history of abuse and was clearly on notice that its training was deficient and likely to cause injury.

Case law is clear that vague and conclusory allegations of a deficient policy or procedure, like those in this case, are insufficient to state a claim. In *Williams v. City of Cleveland*, 2009

7

U.S. Dist. LEXIS 61346 (N.D. Ohio July 16, 2009), the court dismissed claims against a municipality with prejudice because the amended complaint was lacking:

> Plaintiff's amended complaint recites the critical element of a §1983 claim against a municipality - a policy or custom - but ***does so in a conclusory manner***. Plaintiff makes no factual allegations that can support the conclusion that the City has a policy or custom of ignoring exculpatory evidence and continuing with prosecutions. ***To merely state that the City has a policy or custom is not enough; Plaintiff must allege facts, which if true, demonstrate the City's policy, such as examples of past situations where law enforcement officials have been instructed to ignore evidence***. Here, while Plaintiff has alleged facts sufficient to demonstrate that exculpatory evidence was ignored in his case, he has ***not alleged facts from which it can be inferred that this conduct is recurring or that what happened in his case was due to City policy***. Accordingly, the amended complaint would not state a claim cognizable under federal law.

*Id.* at *12 (emphasis added). *See, also, Leaks v. City of Shaker Heights*, No. 1:15-cv-02060 (N.D. Ohio Oct. 16, 2015) (granting a motion to dismiss of the City of Shaker Heights, noting that the complaint was "merely a threadbare recitation of the element of a *Monell* cause of action." *Id*. at p. 5. There were no facts – just conclusions – that the municipality inadequately trained or supervised its officers or had a custom of tolerating violations of federal rights. Accordingly, the City was dismissed).

Further, case law shows that a plaintiff must point to a specific policy that is allegedly deficient to satisfy the first avenue of relief in *Meyers, supra. See Jackson v. City of Highland Park*, 2015 U.S. Dist. LEXIS 68115 (E.D. Mich. May 27, 2015) ("Defendants argue that, because Plaintiff fails to identify a specific policy or custom that he claims caused his alleged constitutional violations, his § 1983 claims of municipal liability are subject to dismissal under Rule 12(b)(6). This Court agrees."); *Mallin v. City of Eastlake*, 755 F. Supp. 2d 819 (N.D. Ohio 2010) (dismissing a defendant municipality because "Mallin failed to identify a specific policy or practice….").

Plaintiffs fail to identify any specific custom or policy that is deficient, or any other instances of wrongdoing showing a pattern or practice. In the instant case the complaint alleges only one instance of wrongdoing, which is insufficient to state a proper §1983 claim.

### C. Plaintiffs' Individual Capacity §1983 Claims Against the Senior Police Defendants Fail.

While official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent," individual capacity suits seek to impose personal liability upon a government official for actions taken under color of state law. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). In this case plaintiffs have alleged individual capacity claims against the Senior Police Defendants, which fail for the reasons set forth below.

#### 1. *The concealment/destruction of evidence and malicious prosecution claims in counts I and IV fail.*

Plaintiffs make perfunctory references to the Senior Police Defendants in the concealment/destruction of evidence and malicious prosecution claims but provide no basis as to what each officer individually did to expose himself to liability. As such these claims do not pass the particularity requirements of *Twombly, supra*.

They do not pass muster on the merits, either. In *Sykes v. Anderson,* 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit set forth the elements of § 1983 malicious prosecution claim:

> First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant ma[d]e, influence[d], or participate[d] in the decision to prosecute.
>
> Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution[.]
>
> Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure.

9

> Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Id.* at 308-09 (internal quotations marks and citations omitted). The Sixth Circuit holds that the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 397 (6th Cir. 2016). The Sixth Circuit recently drastically limited the parameters of a malicious prosecution claim against a police officer in *Sanders v. Jones,* 845 F.3d 721 (6th Cir. 2017), which held that an officer enjoys absolute immunity from malicious prosecution claims for grand jury testimony and that a claim based on false grand jury testimony must therefore fail.

In this case the complaint does not meet the first prong of a malicious prosecution claim because it does not allege how any of the Senior Police Defendants were involved in the criminal prosecution. The complaint also acknowledges that there was an indictment against plaintiff Newton, so the malicious prosecution claim fails because plaintiffs cannot show lack of probable cause for the indictment.

The failure to disclose evidence claim also fails because the Senior Police Defendants were not personally involved in this area of the case. Case law in the Sixth Circuit shows that an officer can be liable for failing to disclose evidence to a prosecutor where the exculpatory value of the evidence was apparent and material. *McCollum v. Bahl,* 711 F. Supp.2d 802 (W.D. Mich. 2010); *Hatchett v. City of Detroit*, 495 Fed. Appx. 567 (6th Cir. 2012). However, the complaint in this case contains no allegations – nor could it – that the Senior Police Defendants knew of the existence of this diagram and failed to disclose it. In fact just the opposite is true. The complaint states again and again that Detective Page did not disclose the existence of the diagram to anyone else before trial, and specifically did not share it with anyone else from the City of Shaker Heights. (Complaint, ¶¶ 72, 88, 93, 209, 212, 253). The claim fails.

### 2. *The supervisor liability and failure to train claims in counts II and III fail.*

Plaintiffs also allege that the Senior Police Defendants are liable for failing to properly supervise or train Detective Page. As stated by the Sixth Circuit in *Ontha v. Rutherford Cty., Tennessee*, 222 F. App'x 498, 503 (6th Cir. 2007), a municipal official may be liable in his or her individual capacity for the conduct of a subordinate only under theories of supervisor liability or failure to train. However, the standards for such claims are stringent. The court in *Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 844 (E.D. Tenn. 2011) outlined them as follows:

> **Supervisory liability cannot be imposed in a Section 1983 action based on the theory of *respondeat superior* without proof of personal involvement**. *Taylor v. Mich. Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir.1995). Notably, "[s]upervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'" *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir.2002) (quoting *Leach,* 891 F.2d at 1246). As the Sixth Circuit has stated, "[a] supervisor is not liable under § 1983 for failing to train unless the supervisor 'either encouraged the specific incident or misconduct or in some other way directly participated in it. **At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.**'" *Everson v. Leis,* 556 F.3d 484, 495 (6th Cir.2009) (emphasis added) (quoting *Hays v. Jefferson Cnty.,* 668 F.2d 869, 874 (6th Cir.1982)). (Emphasis added).

In dismissing the claims the court went on to note that the Sixth Circuit has repeatedly rejected attempts to hold police supervisors liable for subordinates in the absence of "specific, affirmative acts" by the supervisor that encouraged or condoned the wrongful conduct. *Id.* at 845.

Similarly, in *Phillips v. Roane Cty., Tenn.,* 534 F.3d 531, 544 (6th Cir. 2008), the court held that to be liable for failing to train another officer it must be alleged that the supervisor did something specifically wrong in regard to training: "While an individual supervisor may still be held liable in his or her individual capacity under a failure-to-train theory, the Estate must point to a specific action of each individual supervisor to defeat a qualified immunity claim. And

11

because the Estate has not advanced any specific allegations against Yager, Haggard, or Wright, we dismiss the case against these three defendants." The *Ontha* decision further explained that "to establish supervisory liability, it is not enough to point after the fact to a particular sort of training which, if provided, might have prevented the harm suffered in a given case. Rather, such liability attaches only if a constitutional violation is 'part of a pattern' of misconduct…." *Id.* at 504.

The complaint in this case contains no allegations as to how the Senior Police Defendants were involved in the investigation or responsible for the training or supervision of Detective Page, much less how they "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." The bare bones, conclusory allegations against them do not withstand a motion to dismiss and should be rejected by this court. *See Alexander v. Newman,* 345 F. Supp. 2d 876, 883 (W.D. Tenn. 2004) (dismissing a supervisor liability claim finding: "Plaintiff offers no facts that describe the details or extent of Luhrs' control [over his subordinate officers]. These allegations do not warrant the imposition of supervisory liability for the purported conduct of Newman and Whiteside."); *Rogers v. City of Port Huron*, 833 F. Supp. 1212, 1222 (E.D. Mich. 1993) (In granting a motion to dismiss finding: "Moreover, even assuming that Officers Reid's and Malott's actions could establish a violation of decedent's rights, plaintiffs do not allege that [police chief] Corbett implicitly authorized, approved, or knowingly acquiesced to their conduct. Plaintiffs simply fail to allege sufficient personal involvement").

    **D.**    **The Ohio State Law Civil Conspiracy Claim Fails.**

The state law civil conspiracy claim fails because the moving defendants are not alleged to be liable for any stand−alone underlying state law tort claim. As stated in *Morrow v. Reminger & Reminger Co., L.P.A.,* 2009-Ohio-2665, ¶ 40 (10th Dist.):

> A civil conspiracy consists of "'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.'"
>
> A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy....Appellants civil conspiracy claim is based on falsification and fraud by appellees. Having concluded that the amended complaint fails to state causes of action for falsification and fraud, we likewise conclude that it fails to state a cause of action for the derivate claim of conspiracy. Accordingly, we overrule appellants' fourth assignment of error. (Internal citations omitted).

*See, also, Rachlow v. Dee*, 2002-Ohio-282, ¶4 (2nd Dist.) ("Pursuant to Ohio law, a civil conspiracy claim standing alone cannot be the subject of a civil action….The general rule is that a conspiracy cannot be made the subject of a civil action unless something is done which, without the conspiracy, would give a right of action.") In this case there are several state law tort claims leveled against the other defendants, but the single state law claim against the moving defendants is state law civil conspiracy.[3] Thus, according to Ohio case law the civil conspiracy claim fails.

The claim also fails because plaintiffs have failed to allege any details of the purported conspiracy, which is fatal to the claim. As stated by the court in *Avery v. Rossford, Ohio Transp. Improvement Dist.*, 145 Ohio App.3d 155, 165 (6th Dist. 2001), which dismissed a conspiracy claim for lack of specificity: "The conspiracy claim must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." *See, also, Jaco v. Storer*, 739 F.2d 239, 245 (6th Cir. 1984) (finding that the dismissal of the conspiracy claim was correct, "since even in its most liberal

---

3 Nor would any of the state law claims against the other defendants survive a motion to dismiss even if leveled against the moving defendants. Ohio Revised Code Section 2744(A)(1) provides that except "as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C. 2744.03(A)(6) provides similar immunity for employees of a subdivision. The moving defendants would be immune from any state law claims pursuant to R.C. 2744, as no exceptions would apply to the facts as alleged in the complaint.

13

construction, plaintiff's complaint merely alleged broad conclusory negligence language void of the factual allegations necessary to support a conspiracy theory."); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1997) (same). Plaintiffs in the case at bar have made similar broad, conclusory allegations devoid of any factual support. For this additional reason, the conspiracy claim against the moving defendants fails.

### III.   CONCLUSION

For the foregoing reasons, defendants City of Shaker Heights, Chief Jeffrey DeMuth, Commander John Cole, and Sergeant Marvin Lamielle request this Court dismiss plaintiffs' complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

*/s/ STEVEN D. STRANG*
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
GALLAGHER SHARP
Sixth Floor Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone) / (216) 241-1608 (fax)
jtravis@gallaghersharp.com
sstrang@gallaghersharp.com
*Attorneys for Defendants*
*City of Shaker Heights, Chief Jeffrey DeMuth,*
*Commander John Cole, and Sergeant Marvin*
*Lamielle*

## LOCAL RULE 7.2(f) CERTIFICATION

Pursuant to Local Rule 7.2(f), I hereby certify that this case has been assigned to the standard track. I further certify that this Memorandum adheres to the twenty-page limitations established for the standard track.

/s/ STEVEN D. STRANG
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
GALLAGHER SHARP LLP
*Attorneys for Defendants*
*City of Shaker Heights, Chief Jeffrey*
*Demuth, Commander John Cole, and*
*Sergeant Marvin Lamielle*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2017, the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic and/or regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ STEVEN D. STRANG
**D JOHN TRAVIS (0011247)**
**STEVEN D. STRANG (0085444)**
**GALLAGHER SHARP LLP**
*Attorneys for Defendants*
*City of Shaker Heights, Chief Jeffrey*
*DeMuth, Commander John Cole, and*
*Sergeant Marvin Lamielle*