**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **MARK A. NEWTON**, *et al.*, ) | **CASE NO. 1:17-CV-02545** |
| ) | |
| Plaintiffs, ) | |
| ) | **DISTRICT JUDGE JAMES S. GWIN** |
| vs. ) | |
| ) | |
| **JACQUELYN ELLIS**, *et al.*, ) | **ELLIS DEFENDANTS' REPLY IN** |
| ) | **SUPPORT OF MOTION FOR** |
| Defendants. ) | **JUDGMENT ON THE PLEADINGS** |
| ) | |

**REPLY**

Defendants, Jacquelyn, Rodney, and Andrea Ellis, submit this Reply in support of R. 5, Ellis Defendants' Motion for Judgment on the Pleadings dated December 8, 2017.[1] Even now that the Amended Complaint has been filed, no potentially viable claims can be pursued against these Defendants as a matter of law. *Fed. R. Civ. P. 12(c)*.

**I.  THE UNSUSTAINABLE CLAIM REMAINING**

Plaintiffs, Mark A. Newton ("Newton") and Patricia Rideout, have conceded a number of critical points. Even before the validity of their legal arguments is considered, little remains of the claims that have been asserted against Defendants, Jacquelyn, Rodney, and Andrea Ellis ("Ellis Defendants").

Plaintiffs have <u>not</u> disputed that their tort claims cannot be predicated upon any statements or representations that fall within the absolute privilege for judicial proceedings. *R. 5, Ellis Defendants' Motion to Dismiss/Motion for Judgment on the Pleadings ("Ellis Defendants' Motion"), pp. 15-16; PageID#:107-108*. But the <u>only</u>

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

---

[1] On January 4, 2018, the Ellis Defendants submitted a Motion seeking to reclassify their Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) as a Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c). *R. 21*. That Motion remains unopposed.

communications they have identified that supposedly exceed the scope of these broad protections were exchanged during the meeting that was conducted by Prosecutor Maggie Kane ("Kane") with Detective Jessica Page ("Det. Page") and Plaintiff Jacqueline Ellis on March 29, 2017. *R. 23, Response to Ellis Defendants Motion to Dismiss/Response to Motion for Judgment on the Pleadings ("Plaintiffs' Response"), pp. 14-17; PageID#:406-409.* Nothing else that has been alleged in the Complaint can support the already tenuous claims for Defamation (Count Six), Civil Conspiracy (Count Seven), Malicious Prosecution (Count Eight), Abuse of Process (Count Nine), False Light (Count Ten), Intentional Infliction of Emotional Distress (Count Eleven), and Loss of Consortium (Count Twelve). *R. 15, Amended Complaint, pp. 63-74, paragraphs 292-349; PageID#:220-231.*

Consequently, the entire case against the Ellis Defendants must be founded entirely upon the supposedly "false" statements that were not only already well-known by all the participants to this single trial preparation meeting, but had also been widely publicized in the local media (according to Plaintiffs) several months earlier. *Id., p. 26, paragraph 107; PageID#: 183.* Even if a viable tort could be cobbled together from these private trial preparation discussions, it is inconceivable that any new harm could be established. It is axiomatic that a dismissal is warranted whenever plausible damages cannot be alleged. *Davis v. Passman*, 442 U.S. 228, 244, 99 S.Ct. 2264, 2276, 60 L.Ed.2d 846 (1979) ("Although petitioner has a cause of action, her complaint might nevertheless be dismissed under Rule 12(b)(6) unless it can be determined that judicial relief is available."); *Lessl v. CitiMortgage, Inc.*, 515 Fed.Appx. 467, 469–470 (6th Cir.2013).

## II. STATUTE OF LIMITATIONS

Plaintiff have acknowledged that in Ohio the statute of limitations for a claim of defamation is one year. *R. 23, Plaintiffs' Response, p. 11; PageID#403.* As the Ellis

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

2

Defendants have previously observed, the clock starts to run on the date of "the defamatory material's first publication." *Boyd v. Bressler*, 18 Fed.Appx. 360, 366 (6th Cir.2001) (citations omitted). Plaintiff nevertheless insists that each successive republication enjoys its own independent limitations period, even when the accusations remain precisely the same. *Id., pp. 11-12.* Even if R.C. 2305.11(A) could be construed to afford such an infinite period of time to bring suit, the <u>only</u> allegedly false statements Plaintiffs have identified that were published within one year before the Complaint was filed were (1) set forth in the settlement demand letter of November 4, 2016 and (2) conveyed during the prosecutor's meeting of March 29, 2017. *Id., p. 11.* It has thus been conceded that <u>everything else</u> that has been alleged is no longer actionable, which includes <u>all</u> of the charges of sexual abuse that were made to mental health therapists, received by Plaintiff Newton's former employer, and reported in the media. *R. 15, Amended Complaint, pp. 8-115; PageID#:165-185.* No explanation has been offered for why none of these purportedly false allegations of criminal misconduct prompted Plaintiff Newton to file a defamation lawsuit within the next twelve months. He is, after all, a licensed attorney who undoubtedly understood that he needed to move quickly to protect his rights if the publications were indeed untrue. *Id., p. 6, paragraph 17; PageID#:163.*

Even when all the allegations are construed as strongly in favor of Plaintiffs as common sense will permit, an unavoidable reality remains. By Plaintiffs' own acknowledgement, <u>everything</u> that was stated in the settlement demand letter and during the prosecutor's meeting had previously been published both verbally and in writing time-and-time again. *R. 15, Amended Complaint, pp. 8-115; PageID#:165-185.*

To begin with, the attorney's correspondence of November 4, 2016 had been issued strictly to the lawyer representing Laurel School in an effort to resolve civil claims pre-suit, and simply recounted the allegations of sexual abuse that had already been reported.

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

3

*R. 20-2, Ellis Defendants' Answer, Exhibit B; PageID#:374-376.* According to Plaintiffs, Laurel had been apprised of these <u>same</u> charges over two years earlier. *R. 15, Plaintiffs' Amended Complaint, p. 10, paragraph 41; PageID#:167.* Plaintiff Newton had "voluntarily left" the all-girls school in the Spring of 2013 – which was over a year before Defendant Jacquelyn Ellis first disclosed the abuse – and thus he could not have possibly suffered any adverse employment action. *Id., p. 8, ¶28; PageID#:165.*

Likewise, both Detective Paige and Prosecutor Kane were fully aware of the accusations of molestation well in advance of the meeting of March 29, 2017. Defendant Jacquelin Ellis had been interviewed by the detective about these episodes on March 23, 2015. *R. 15, Plaintiffs Amended Complaint, p. 12, paragraph 54; PageID#:17.* And Prosecutor Kane certainly understood the charges by the time the Grand Jury convened on September 12, 2016. *Id., p. 23, paragraph 95; PageID#:180.*

Because <u>all</u> of the allegedly false statements occurring over a year prior to the filing of the Complaint are merely <u>republications</u>, Plaintiffs' attempt to distinguish *Clark v. Viacom Intern. Inc.*, 617 Fed.Appx. 495 (6th Cir.2015), falls apart. Plaintiffs maintain that the dismissal was upheld in that instance because "the *same exact* internet articles" continued to be disseminated. *R. 23, Plaintiffs' Response, p. 12; PageID#:404.* No meaningful attempt has been made, however, to explain how any new – or even modified – defamatory statements were published on or after November 3, 2016. *Id.* To the contrary, there are no allegations in the Amended Complaint that the accusations were somehow materially different one year before the Complaint was filed. *Id.* Consistent with the authorities that the Ellis Defendants have cited, this Court should reject the oft-criticized theory of "continuing defamation" that Plaintiffs are asserting to salvage their untimely lawsuit. *R. 5, Ellis Defendants' Motion, pp. 9-10; PageID#:101-102.*

Citing *Linetsky v. City of Solon*, N.D.Ohio No. 1:16-CV-52, 2016 WL 6893276

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

4

(Nov. 23, 2016), Plaintiffs further contend that their claim of false light/invasion of privacy" is governed by a four year statute of limitations. *R. 23, Plaintiffs' Response, p. 13; PageID#:405.* It does not appear that the timeliness of this theory of recovery was a significant issue in that decision, and the single-sentence remark cites only *T.S. v. Plain Dealer,* 194 Ohio App. 3d 30, 2011-Ohio-2935, 954 N.E. 2d 213 (8th Dist. Cuyahoga). This state court decision as well offered only a passing reference to the governing statute of limitations. *Id.,* 194 Ohio App. 3d at 32, ¶6. The *T.S.* Court relied upon R.C. 2305.09(D), which is the catch-all provision for non-enumerated causes of action. *Id.*

The instant action is distinguishable, as Plaintiffs' false light/invasion of privacy claim is founded entirely upon the purportedly defamatory statements. *R. 15, Plaintiffs' Amended Complaint, pp. 68-70; PageID#:225-227.* They are simply attempting to avoid the one-year statute of limitations imposed by R.C. 2305.11(A). In such circumstances, Ohio courts recognize that the shorter time-bar controls. *Stainbrook v. Ohio Secy. of State,* 10th Dist. Franklin No. 16AP-314, 2017-Ohio-1526, ¶ 27; *Murray v. Moyers,* U.S. Dist., S.D. Ohio, Case No. 2:14-CV-02334, 2015 WL 5626509, *3-4 (Sept. 24, 2015). The Tenth District has recently explained that:

> <u>False light claims are subject to a one-year statute of limitations pursuant to R.C. 2305.11(A)</u>. To find otherwise would eviscerate the one-year statute of limitations imposed on defamation claims due to the substantially similar nature of the factual elements that give rise to defamation and false light claims; the practical effect of which would allow almost all defamation claims to be pled as false light claims.

*Stainbrook*, 2017-Ohio-1526, ¶27 (emphasis added). Plaintiffs thus cannot evade the one-year time bar through creative pleading.

The result is the same with the remainder of Plaintiffs' far-fetched tort claims. Ohio courts have routinely rejected indistinguishable efforts to rework a cause of action into something else that enjoys a longer statute of limitations. *R. 5, Ellis Defendants'*

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

5

*Motion, pp. 10-11; PageID#:103-104.* The same sound result is warranted in the instant case.

### III. THE ABSOLUTE PRIVILEGE

As previously observed, Plaintiffs have acknowledged *sub silentio* that <u>all</u> of the Ellis Defendants' reports of sexual abuse fall comfortably within the absolute privilege for judicial proceedings except – in their view – those that were exchanged during the prosecutor's meeting of March 29, 2017. *R. 23, Plaintiffs' Response, pp. 15-16; PageID#:407-408.* Not one of the cases they are touting actually holds that such confidential sessions, which are indispensable for the prosecution's preparations for trial, are somehow excluded from the broad scope of these protections. *Id.* Given that the privilege "extends to every step in the proceeding," Plaintiffs' inability to identify supporting authority is hardly surprising. *Family Medicine of Stark Cty., Inc. v. Smart*, 5th Dist. Stark No. 2016CA00218, 2017-Ohio-5866, ¶ 28; *Prakash v. Altadis U.S.A. Inc.*, N.D.Ohio No. 5:10CV0033, 2012 WL 1109918, *11 (March 30, 2012). Ohio courts do recognize that meetings and activities conducted by prosecutors are indeed protected from suit. *M.J. DiCorpo, Inc. v. Sweeney*, 69 Ohio St.3d 497, 1994-Ohio-316, 634 N.E.2d 203 (1994) (applying absolute privilege to reports to a prosecutor of a commission of a crime); *Becker v. Becker*, 5th Dist. No. 15-COA-006, 2015-Ohio-3992, 42 N.E.3d 352, 358, ¶20-26 (citizens meeting in the county prosecutor's office to seek increase in a bond); *Savoy v. University of Akron*, 10th Dist. No. 13AP-696, 2014-Ohio-3043, 15 N.E. 3d 430, 435-436, ¶20 ("Absolute privilege applies to shield individuals from civil liability for statements made to prosecutors or police reporting possible criminal activity."); *Carlton v. Davisson*, 104 Ohio App.3d 636, 652, 662 N.E.2d 1112, 1122 (6th Dist.1995) (holding that allegedly defamatory statements made by prosecutors and deputies during grand jury proceedings were absolutely immune from suit).

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

Faced with this reality, Plaintiffs have theorized that Detective Page's presence during the prosecutor's meeting shattered the privilege and allows of the attendees to be sued for repeating the nearly three year old charges of sexual abuse. *R. 23, Plaintiffs' Response, pp. 14-16; PageID#:406-408.* Their convoluted logic works like this. First, Plaintiffs contend that "the Ohio Supreme Court has not directly addressed whether statements to law enforcement officers are entitled to absolute immunity." *Id., p. 14.* They then cite a few decisions supporting the view that initial reports made <u>to</u> a police officer are not part of a judicial proceeding. *Id., p. 15.* Plaintiffs then leap to the conclusion that since Detective Page is a police officer, her participation in the prosecutor's meeting must have been "solely investigatory in nature and *not* part of a judicial proceeding." *Id., p. 15* (italics original). This is, of course, pure nonsense.

This twisted reasoning is contrary to this Court's analysis in *Linetsky,* which Plaintiffs have been citing with approval. *R. 23, Plaintiffs' Response, p. 13; PageID#:405.* While the opinion observed that reports that were made <u>to</u> law enforcement officers were not protected by the absolute privilege, this was <u>not</u> the case with the prosecutor. *Linetsky*, 2016 WL 6893276, at *10–11. This Court reasoned that:

> Ohio recognizes an absolute privilege from civil liability for statements made "in a judicial proceeding." The Ohio Supreme Court has held that "[a]n affidavit, statement or other information provided to a prosecuting attorney, reporting the actual or possible commission of a crime, is part of a judicial proceeding. The informant is entitled to an absolute privilege against civil liability for statements made." The privilege seeks to "encourage the reporting of criminal activity by removing any threat of reprisal in the form of civil liability." Accordingly, <u>Linetsky–Gliner and Gliner's statements to Cuyahoga County prosecutors receive absolute immunity</u>. [emphasis added, footnotes omitted]

*Id.*, at *10. Plaintiffs' reliance upon authorities addressing statements made <u>to</u> a police officer is thus mystifying, as those early reports of Newton's misconduct are well outside the statute of limitations. *R. 15, Plaintiffs' Amended Complaint, pp. 11-23; PageID#:168-*

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

7

*180*. The investigation had been completed, and the indictment had been issued, by September 12, 2016. *Id., p. 25, ¶106*. Everything that transpired afterwards with the prosecutor, including the meeting of March 29, 2017, was thus in legitimate furtherance of an active judicial proceeding.

None of the decisions that Plaintiffs have offered even remotely suggest that a judicial proceeding loses the absolute protections once an "investigatory" official is invited to join. It is impossible to fathom how a prosecutor could properly prepare for trial without consulting with the investigators who had developed the case. In *Dunkle v. Children's Hosp. Med. Ctr. of Akron*, 9th Dist. Summit Case No. 26612, 2013-Ohio-5555, 5 N.E. 3d 131, a similar argument was rejected. The parents of a young child sued a physician after he reported his findings of shaken baby syndrome to the Children's Services Department. *Id., ¶2-3*. The parents claimed that he had defamed them during his testimony as well as "his meetings with prosecutors and law enforcement." *Id., ¶13*. After recognizing the broad protections afforded by the absolute privilege, the Ninth District held that <u>none</u> of his statements were actionable. *Id., ¶15*. Given that the physician's role was just as "investigatory" as that which had been performed by Det. Page, Plaintiffs' contrived position cannot be reconciled with *Dunkle*.

Citing paragraph 126 of their Complaint, Plaintiffs maintain that: "The March 29, 2007 meeting was for the purpose of questioning and confronting J. Ellis concerning problems with the date(s) of alleged offenses and the Room where they allegedly occurred, after Newton filed his Notice of Alibi and disclosed corresponding alibi documentation." *R. 23, Plaintiff's Response, p. 15*. This paragraph of the pleading (as with the Amended Complaint) alleges only that the Notice of Alibi was filed, and nothing has actually been offered indicating that the session was held for some purpose other than the preparation of the prosecutor's case. *R. 1-1, p. 30, paragraph 126; PageID#:187*. Even if Plaintiffs

Paul W. Flowers Co.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

8

were somehow privy to these confidential discussions and have correctly identified the meeting's objective for this Court, they still have not established that the participants had somehow lost the protection of absolute judicial immunity. Any sensible prosecutor certainly would explore not only any discrepancies in the victim's prior reports but also the circumstances surrounding a purported alibi. Such inquiries are absolutely essential to the preparation of the case against the accused, and indisputably qualified as an integral component of the criminal proceedings. The participants must be allowed to speak candidly with the prosecutor without fear being sued by the alleged perpetrator if the case is thrown-out of court upon a technicality. Since <u>all</u> of Jacquelyn Ellis' statements to Prosecutor Kane would have been "reasonably related" to the criminal proceeding pending against Plaintiff Newton even under his own imaginative allegations, the absolute privilege cannot be avoided as a matter of law. *Hecht v. Levin*, 66 Ohio St. 3d 458, 460, 1993-Ohio-110, 613 N.E. 2d 585, 587; *Dunkle*, 2013-Ohio-5555, ¶15.

Plaintiffs have attached a page of a document to their Response as Exhibit 1, which they claim is part of a "*Supplemental Police Report"* that Det. Page supposedly prepared following the meeting with the prosecutor. *R. 23, Plaintiffs' Response, p. 16; PageID#:408*. This document confirms, if anything, that the victim was being carefully questioned by the prosecutor about the prior account she had furnished to the detective, which is exactly what one would expect for legitimate trial preparations. *Id., Exhibit 1*. There is absolutely no indication in these notes that the discussion veered into some extraneous topic that might be viewed as unworthy of the absolute privilege. *Id*. As a matter of law, there is thus <u>nothing</u> in Plaintiffs' pleadings that would ever permit a finding that any false statements had been published by the Ellis Defendants outside of an ongoing judicial proceeding.

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876

## CONCLUSION

Because Plaintiffs have failed to allege a potentially viable cause of action against the Ellis Defendants, this court should grant a judgment on the pleadings upon all claims that have been brought against them in accordance with Fed. R. Civ. P. 12(c).

Respectfully submitted,

*s/ John P. O'Neil*
John P. O'Neil, Esq. (#0067893)
**ELK & ELK CO., LTD.**
6105 Parkland Boulevard
Mayfield Heights, Ohio 44124
(440) 442-6677
joneil@elkandelk.com

*s/ Andrew M. Wargo*
Andrew M. Wargo, Esq. (#0058464)
**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
127 Public Square, Suite 3510
Cleveland, Ohio 44114
(216) 912-3800
amwargo@mdwcg.com

*s/ Paul W. Flowers*
Paul W. Flowers, Esq. (#0046625)
**PAUL W. FLOWERS CO., L.P.A.**
Terminal Tower, Suite 1910
50 Public Square
Cleveland, Ohio 44113
(216) 344-9393
pwf@pwfco.com

*Attorneys for Defendants,*
*Jacquelyn Ellis, et al.*

## CERTIFICATE OF PAGE LIMITATIONS

In accordance with Loc. R. 7.1(f), I hereby certify that this action has been assigned to the standard track and that this filing complies with the court's page limitations.

*s/ Paul W. Flowers*
Paul W. Flowers, Esq. (#0046625)
**PAUL W. FLOWERS CO., L.P.A.**

*Attorney for Defendants,*
*Jacquelyn Ellis, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018 the foregoing **Reply** was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

*s/ Paul W. Flowers*
Paul W. Flowers, Esq. (#0046625)
**PAUL W. FLOWERS CO., L.P.A.**

*Attorney for Defendants,*
*Jacquelyn Ellis, et al.*

PAUL W. FLOWERS CO.
50 Public Sq., Ste 1910
Cleveland, Ohio 44113
(216) 771-3239
Fax: (216) 781-5876